1  John V. Picone III, Bar No. 187226
   jpicone@hopkinscarley.com
2  Jennifer S. Coleman, Bar No. 213210
   jcoleman@hopkinscarley.com
3  Aleksandr Korzh, Bar No. 286613
   akorzh@hopkinscarley.com
4  HOPKINS & CARLEY
   A Law Corporation
5  The Letitia Building
   70 South First Street
6  San Jose, CA  95113-2406

7  *mailing address:*
   P.O. Box 1469
8  San Jose, CA 95109-1469
   Telephone:    (408) 286-9800
9  Facsimile:    (408) 998-4790

10 Attorneys for Plaintiff
   PHOTOGRAPHIC ILLUSTRATORS
11 CORPORATION

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                 SAN JOSE DIVISION

15 PHOTOGRAPHIC ILLUSTRATORS          CASE NO.  5:14-cv-2010
   CORPORATION,
16                                    **COMPLAINT FOR:**
              Plaintiff,
17                                    **(1) COPYRIGHT INFRINGEMENT;**
   v.
18                                    **(2) INTEGRITY OF COPYRIGHT**
   SPOT LIGHTING SUPPLIES, INC. dba   **MANAGEMENT INFORMATION; AND**
19 Lighting-spot.com,
                                      **(3)  FALSE DESIGNATION OF ORIGIN**
20            Defendant.

21

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

614\1111913.2

COMPLAINT                                          5:14-CV-2010

1    Plaintiff Photographic Illustrators Corporation ("PIC") brings this civil action against

2  Defendant Spot Lighting Supplies, Inc. ("Lighting Spot" or "Defendant").

3                                  **THE PARTIES**

4    1.    PIC is a Massachusetts corporation with a place of business at 467 Sagamore

5  Street, Hamilton, Massachusetts 01936.

6    2.    Upon information and belief, Spot Lighting Supplies, Inc. is a California

7  corporation with its principal place of business at 1200 Oregon Avenue, Long Beach, California

8  90813.

9                          **JURISDICTION AND VENUE**

10    3.    This is a civil action for injunctive relief and damages for violation of the

11  copyright laws of the United States, 17 U.S.C. §§ 101, *et seq*.; the Digital Millennium Copyright

12  Act, 17 U.S.C. §§ 1201, *et seq*, and the Lanham Act, 15 U.S.C. § 1125(a).

13    4.    This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§

14  1331 and 1338.

15    5.    The court has personal jurisdiction over the Defendant.  Upon information and

16  belief, Defendant does business within the State of California and within this judicial district.

17    6.    Defendant operates a commercial website (www.lighting-spot.com) ("Defendant's

18  Website").  Upon information and belief, Defendant regularly advertises, sells and offers for sale

19  lighting products to online visitors to Defendant's Website, including online visitors located in

20  California, and Defendant has injured PIC in California by reproducing and distributing PIC's

21  copyrighted images on and/or through Defendant's Website.

22    7.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

23                        **PIC'S COPYRIGHTED IMAGES**

24    8.    PIC specializes in photography, including photography of consumer products for

25  catalogs, advertising, and product packaging.

26    9.    Over a span of years dating back to the 1960s, various companies, including

27  Osram Sylvania, Inc. ("Sylvania"), have retained PIC to photograph certain of their products.

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

614\1111913.2                                      - 2 -

COMPLAINT                                                                      5:14-CV-2010

1      10.      PIC authored the 35 photographic images of Sylvania products referenced in this

2  Complaint (the "PIC Images").  True and correct copies of the PIC Images are attached hereto as

3  Exhibits 2-36.

4      11.      PIC retains ownership of all right, title and interest in the copyrights for the PIC

5  Images.

6      12.      One of the PIC Images (Exhibit 2) was made the subject of an application which

7  matured into United States Copyright Registration Certificate No. VA 1-359-243 (effective May

8  30, 2006) (attached as Exhibit 1).

9      13.      34 of the PIC Images were made the subject of applications for copyright

10  registration:  20 of the PIC Images were the subject of applications received by the United States

11  Copyright Office on December 21, 2012 (Exhibits 3-22), 8 of the PIC Images were the subject of

12  applications received by the United States Copyright Office on June 20, 2013 (Exhibits 23-30), 1

13  of the PIC Images was the subject of an application received by the United States Copyright

14  Office on January 15, 2014 (Exhibit 31), and the remaining 5 PIC Images were the subject of an

15  application received by the United States Copyright Office on March 14, 2014 (Exhibit 32-36).

16  These applications for registration were complete and submitted in proper form with the

17  appropriate filing fees.

18      14.      Before publishing the PIC Images, PIC attaches the name of the photographer

19  (Paul Kevin Picone), the name the copyright owner (P.I. Corp.) and copyright notice

20  (collectively, "PIC Copyright Management Information"), as shown in Exhibits 2-36.

21                          **PIC'S PROTECTABLE MARKS**

22      15.      PIC's photography services and images enjoy an excellent reputation and have

23  gained great value and recognition in the marketplace.

24      16.      For three decades PIC has done business under the PIC name and has used the

25  name of PIC's President, Paul Kevin Picone, in connection with PIC's services.  Through PIC's

26  longstanding practice of attaching to each published PIC Image the names "P.I.Corp." and "Paul

27  Kevin Picone," consumers have come to associate these names with high-quality photography.

28

1    PIC thus has common law trademark rights in the P.I.CORP. and PAUL KEVIN PICONE marks

2    ("PIC Marks").

3        17.    PIC relies on the PIC Marks and Copyright Management Information that it

4    attaches to each of its images as its primary mode of advertising. Potential customers seek out and

5    contact PIC using this information.

6        **DEFENDANT'S UNAUTHORIZED ALTERATION AND USE OF PIC IMAGES**

7        18.    As depicted in each of the sub-exhibits to Exhibits 2-36 (e.g. Exhibit 2-A), each of

8    the images displayed on Defendant's Website ("Accused Images"), is a copy, in whole or in part,

9    of one of the PIC Images.

10       19.    On information and belief, Defendant created many of the Accused Images

11   through the use of image editing software on the PIC Images, i.e., by "photoshopping" the PIC

12   Images.  Vestiges of unique elements in the PIC Images are visible in multiple Accused Images,

13   despite Defendant's unsuccessful attempts to remove them.

14       20.    Defendant also removed PIC Copyright Management Information from all the PIC

15   Images.  In some instances, Defendant added to the Accused Images, its own (albeit insufficient)

16   copyright management information and/or watermark, "Lighting-spot."

17       21.    Defendant has copied, distributed and/or used—and continue to copy, distribute,

18   and/or use—the PIC Images, at least on and/or through Defendant's Website, to advertise and sell

19   products.

20       22.    PIC never authorized Defendant's use of the PIC Images.

21       23.    Upon information and belief, Sylvania never authorized Defendant's use of the

22   PIC Images.

23       24.    Upon information and belief, Sylvania never authorized Defendant to use PIC

24   Images with a superimposed false copyright notice.

25       25.    Upon information and belief, Defendant's infringement of the copyright in each

26   PIC Image began after PIC's first publication of that PIC Image.

27

28

## COUNT I

### (Copyright Infringement, 17 U.S.C. § 501)

26.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

27.     Defendant has infringed PIC's copyrights in its PIC Images, in violation of 17 U.S.C. § 501, by copying, publishing, distributing, and/or using PIC Images, or portions or derivative works thereof, and continue to do so without license or other authorization.

28.     On information and belief, Defendant's infringement of PIC's copyrights in at least one of the PIC Images commenced after the effective date of its registration.

29.     Defendant's direct and indirect infringement has been knowing and willful.

30.     As a direct and proximate result of Defendant's direct and indirect willful copyright infringement, PIC has suffered, and will continue to suffer, monetary loss to its business, reputation, and goodwill.  PIC is entitled to recover from Defendant, in amounts to be determined at trial, the damages it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts of infringement and Defendant's use and public of PIC Images.

31.     Unless stopped by an injunction, Defendant will continue infringing PIC's copyrights in its PIC Images and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

## COUNT II

### (Integrity of Copyright Management Information, 17 U.S.C. § 1202)

32.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

33.     Defendant has knowingly and with intent to induce, enable, facilitate, or conceal infringement of the PIC Images, provided and/or distributed false copyright management information in relation to its use of the PIC Images, in violation of 17 U.S.C. § 1202(a).

34.     Defendant has intentionally removed or altered PIC's Copyright Management Information for the PIC Images without PIC's authorization, and/or distributed copyright

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

614\1111913.2                                                    - 5 -

1    management information with knowledge that the Copyright Management Information was

2    removed or altered without PIC's authorization, in violation of 17 U.S.C. § 1202(b).

3        35.    Defendant's violation of 17 U.S.C. § 1202 has been knowing and willful.

4        36.    Defendant's violation of 17 U.S.C. § 1202 has damaged PIC in an amount to be

5    proven at trial.

6        37.    Unless stopped by an injunction, Defendant's behavior will continue and will

7    cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore,

8    PIC is entitled to injunctive relief.

9                                      **COUNT III**

10                    **(False Designation of Origin, 15 U.S.C. § 1125(a))**

11        38.    PIC repeats and re-alleges the allegations of the paragraphs above as though fully

12    set forth herein.

13        39.    PIC is not affiliated with Defendant and has not approved any of Defendant's

14    alterations to the PIC Images.

15        40.    By removing the PIC Marks and Copyright Management Information from the

16    PIC Images, Defendant has removed PIC's primary advertisement vector, thereby depriving PIC

17    of business opportunities.

18        41.    By replacing the PIC Marks and Copyright Management Information on the PIC

19    Images with "Lighting-spot," Defendant has created a likelihood that consumers will mistakenly

20    believe that Defendant created the PIC Images.  Defendant's doctoring of the PIC Images

21    misleadingly represents to the world that Defendant – and not PIC – is the author, source and

22    copyright owner of the PIC Images displayed on Defendant's website.

23        42.    Customers who are familiar with PIC's many decades of work for Sylvania are

24    likely to mistakenly believe that Defendant and PIC are in some way affiliated, connected, or

25    associated as a result of Defendant's misuse of PIC Marks, Copyright Management Information

26    and Images.  Defendant's misconduct is also likely to deceive such consumers by causing them to

27    believe that PIC sponsors or approves of Defendant's goods, services, or commercial activities.

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

614\1111913.2                          - 6 -

43. Defendant's unauthorized alteration and use of the PIC Images, PIC Marks and Copyright Management Information occurs in commercial advertising or promotion, and misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods, services, or commercial activities.

44. Defendant's misuse of PIC Marks, Copyright Management Information and Images, and Defendant's acts or omissions as described above constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendant's violations of the Lanham Act were knowing and willful.

46. Defendant's violations of the Lanham Act have damaged PIC in an amount to be determined at trial.

47. Unless stopped by an injunction, Defendant's violations of the Lanham Act will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, PIC requests that this Court:

A. Enter judgment that Defendant has infringed and continues to infringe PIC's copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 501;

B. Permanently enjoin Defendant, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from further infringement of the copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 502;

C. Order the recall, impounding, and destruction of all infringing copies made, used or distributed by Defendant in violation of PIC's exclusive rights in and to its PIC Images (and, in the case of electronic copies, order that all such copies be deleted from the computers or other storage means on which they reside), pursuant to 17 U.S.C. § 503;

D. Direct Defendant to pay to PIC its actual damages and any additional profits realized by Defendant, pursuant to 17 U.S.C. § 504;

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

614\1111913.2

- 7 -

1    E.    Order that, in the alternative to actual copyright damages, at PIC's election,

2  Defendant shall pay PIC statutory damages pursuant to 17 U.S.C. § 504;

3    F.    Enter judgment that Defendant has violated and continues to violate the Digital

4  Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1202;

5    G.    Permanently enjoin Defendant, including its partners, officers, agents, servants,

6  employees, attorneys, and all those persons and entities in active concert or participation with

7  them, from further violations of the Digital Millennium Copyright Act in relation to the PIC

8  Images, pursuant to 17 U.S.C. § 1203(b)(1);

9    H.    Order the impounding of all devices or products in the custody or control of

10  Defendant that were involved in the violations of the Digital Millennium Copyright Act in

11  relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(2);

12    I.    Direct Defendant to pay to PIC its actual damages and any additional profits

13  realized by Defendant, pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(A), and 1203(c)(2);

14    J.    Order that, in the alternative to actual damages, at PIC's election, Defendant shall

15  pay PIC statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(B), and

16  1203(c)(3)(B);

17    K.    Enter judgment that Defendant's copyright infringements, have been knowing and

18  willful;

19    L.    Enter judgment that Defendant's 17 U.S.C. § 1203(a) violations of the Digital

20  Millennium Copyright Act have been knowing and with intent to induce, enable, facilitate, or

21  conceal infringement;

22    M.    Enter judgment that Defendant's 17 U.S.C. § 1203(b) violations of the Digital

23  Millennium Copyright Act have been knowing and intentional;

24    N.    Enter a Judgment that PIC has common law trademark rights in the PIC marks,

25  and that Defendant has violated and continued to violate 15 U.S.C. § 1125(a) by its alteration and

26  use of the PIC Images;

27    O.    Permanently enjoin Defendant, including its partners, officers, agents, servants,

28  employees, attorneys, and all those persons and entities in active concert or participation with

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

614\1111913.2                               - 8 -

1  them, from further violations of the Lanham Act in relation to the PIC Images, pursuant to 15

2  U.S.C. § 1116;

3       P.     Direct Defendant to pay to PIC any damages attributable to Defendant's Lanham

4  Act violations and to account for all gains, profits, and advantages derived through those actions,

5  but not less than a reasonable royalty, and pay such damages authorized by law, including 15

6  U.S.C. § 1117;

7       Q.     Order Defendant to file and serve a report in writing, and under oath, setting forth

8  the manner and form in which it has complied with the Court's order and injunction;

9       R.     Award PIC its attorney fees and costs in prosecuting this action, pursuant to 17

10  U.S.C. §§ 505, 1203(b)(5) or other applicable law; and

11       S.     Award PIC such further relief as this Court may deem just and proper.

## JURY DEMAND

13  PIC requests a Jury Trial on all issues so triable.

14  Dated: May 1, 2014                     HOPKINS & CARLEY
                                       A Law Corporation

By:*/s/ John V. Picone III*
     John V. Picone III
     Attorneys for Plaintiff
     PHOTOGRAPHIC ILLUSTRATORS
     CORPORATION