1  **PHILLIPS, SPALLAS & ANGSTADT LLP**
   Todd A. Angstadt (SBN 166404)
2  Jessica Stuart Pliner (SBN 261976)
   505 Sansome Street, Sixth Floor
3  San Francisco, California  94111
   Telephone:  (415) 278-9400
4  Facsimile:    (415) 278-9411
   Jpliner@psalaw.net
5
   Attorneys for Defendant,
6  SPOT LIGHTING SUPPLIES, INC.
   dba Lighting-spot.com

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

11 PHOTOGRAPHIC ILLUSTRATORS       Case No. 5:14-cv-2010-VC
12 CORPORATION,
                                   **DEFENDANT SPOT LIGHTING**
13                Plaintiff,       **SUPPLIES, INC.'S ANSWER TO**
                                   **PLAINTIFF'S COMPLAINT**
14 v.

15 SPOT LIGHTING SUPPLIES, INC. dba   **Hon. Vince Chhabria**
   Lighting-spot.com,
16
                  Defendant.
17

19     Spot Lighting Supplies, Inc. (hereinafter "Spot Lighting") in response to the complaint of
20 Photographic Illustrators Corporation ("PIC") admits, denies, and alleges as hereinafter set forth.
21                              **THE PARTIES**
22     1.  Responding to paragraph 1 of the complaint, Spot Lighting lacks sufficient information
23 to form a belief as to the truth to the allegations therein contained and on that basis denies those
24 allegations.
25     2.  Responding to paragraph 2 of the complaint, Spot Lighting admits the allegations
26 therein contained.
27     3.  Responding to paragraph 3 of the complaint, Spot Lighting avers that to the extent
28 the allegation is merely a legal conclusion, no response is required; to the extent a further

response to paragraph 3 is required, Spot Lighting lacks sufficient information to form a belief as to the truth of the allegations therein contained and on that basis denies those allegations.

## JURISDICTION AND VENUE

4. Responding to paragraph 4 of the complaint, Spot Lighting admits that the complaint purports to set forth a claim pursuant to various federal and state laws. Spot Lighting denies any liability with respect to these claims. Paragraph 4 of the Complaint presents a legal conclusion to which no response is required. However, Spot Lighting admits that this Court has jurisdiction over this case.

5. Responding to paragraph 5 of the complaint, Spot Lighting admits the allegations contained in paragraph 5.

6. Responding to paragraph 6 of the complaint, Spot Lighting admits it operates a commercial website (www.lighting-spot.com). Spot Lighting admits it regularly advertises, sells and offers for sale, lighting products to online visitors to the website. Spot Lighting admits that it does not exclude California consumers from visiting its website. Spot Lighting denies the remaining allegations set forth in paragraph 6.

7. Responding to paragraph 7 of the complaint, Spot Lighting avers that to the extent the allegation is merely a legal conclusion, no response is required; to the extent a further response to paragraph 7 is required, Spot Lighting denies the allegations presented in Paragraph 7 but affirmatively states that it does not dispute that venue for this case is proper in this judicial district.

## PIC'S ALLEGED COPYRIGHTED IMAGES

8. Responding to paragraph 8 of the complaint, Spot Lighting lacks sufficient information to form a belief as to the truth to the allegations therein contained and on that basis denies those allegations in paragraph 8 of the complaint.

9. Responding to paragraph 9 of the complaint, Spot Lighting lacks sufficient information to form a belief as to the truth to the allegations therein contained and on that basis denies those allegations in paragraph 9 of the complaint.

DEFENDANT SPOT LIGHTING SUPPLIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No. 5:14-cv-2010-VC – Page 2

10.     Responding to paragraph 10 of the complaint, Spot Lighting lacks sufficient information to form a belief as to the truth to the allegations therein contained and on that basis denies those allegations in paragraph 10 of the complaint.

11.     Responding to paragraph 11 of the complaint, Spot Lighting lacks sufficient information to form a belief as to the truth to the allegations therein contained and on that basis denies those allegations in paragraph 11 of the complaint.

12.     Responding to paragraph 12 of the complaint, Spot Lighting states that the Copyright Registration Certificate referenced therein speaks for itself, and therefore no response is required. To the extent any allegations regarding the Copyright Registration Certificate in paragraph 12 are in any way inconsistent with the Copyright Registration Certificates itself, Spot Lighting denies those inconsistent allegations.

13.     Responding to paragraph 13 of the complaint, Spot Lighting states that the copyright registration applications referenced therein speak for themselves, and therefore no response is required. To the extent any allegations regarding the copyright registration applications in paragraph 13 are in any way inconsistent with the copyright registration applications themselves or the notice of receipt from the Copyright Office, which PIC did not attach as exhibits, Spot Lighting denies those inconsistent allegations. Spot Lighting lacks sufficient information to form a belief as to the truth to the remaining allegations in paragraph 13 and on that basis denies those allegations.

14.     Responding to paragraph 14 of the complaint, Spot Lighting lacks sufficient information to form a belief as to the truth to the allegations therein contained and on that basis denies those allegations in paragraph 14 of the complaint.

**PIC'S ALLEGED PROTECTABLE MARKS**

15.     Responding to paragraph 15 of the complaint, Spot Lighting lacks sufficient information to form a belief as to the truth to the allegations therein contained and on that basis denies those allegations in paragraph 15 of the complaint.

16.     Responding to paragraph 16 of the complaint, Spot Lighting lacks sufficient information to form a belief as to the truth to the allegations therein contained and on that basis

denies those allegations in paragraph 16 of the complaint.

17. Responding to paragraph 17 of the complaint, Spot Lighting lacks sufficient information to form a belief as to the truth to the allegations therein contained and on that basis denies those allegations in paragraph 17 of the complaint.

### SPOT LIGHTING'S ALLEGED UNAUTHORIZED ALTERATION
### AND USE OF PIC'S IMAGES

18. Responding to paragraph 18 of the complaint, Spot Lighting lacks sufficient information to form a belief as to the truth to the allegations therein contained and on that basis denies those allegations in paragraph 18 of the complaint.

19. Responding to paragraph 19 of the complaint, Spot Lighting denies the allegations contained in paragraph 19.

20. Responding to paragraph 20 of the complaint, Spot Lighting denies the allegations contained in the first sentence of paragraph 20. As to the remaining allegations in paragraph 20, Spot Lighting lacks sufficient information to form a belief as to the truth to the remaining allegations therein contained and on that basis denies the remaining allegations in paragraph 20 of the complaint.

21. Responding to paragraph 21 of the complaint, Spot Lighting denies the allegations contained in paragraph 21.

22. Responding to paragraph 22 of the complaint, Spot Lighting lacks sufficient information to form a belief as to the truth to the allegations therein contained and on that basis denies those allegations in paragraph 22 of the complaint.

23. Responding to paragraph 23 of the complaint, upon information and belief, Spot Lighting denies the allegations in paragraph 23 of the complaint.

24. Responding to paragraph 24 of the complaint, Spot Lighting denies the allegations contained in paragraph 24.

25. Responding to paragraph 25 of the complaint, upon information and belief, Spot Lighting denies the allegations in paragraph 25 of the complaint.

# COUNT I

### (Copyright Infringement, 17 U.S.C. § 501)

26. Responding to paragraph 26 of the complaint, Spot Lighting re-alleges and incorporates each and every allegation, averment and denial contained in paragraphs 1 through 25 of this answer to the complaint with the same force and effect as if set forth in full herein.

27. Responding to paragraph 27 of the complaint, Spot Lighting denies the allegations contained in paragraph 27.

28. Responding to paragraph 28 of the complaint, Spot Lighting denies the allegations contained in paragraph 28.

29. Responding to paragraph 29 of the complaint, Spot Lighting denies the allegations contained in paragraph 29.

30. Responding to paragraph 30 of the complaint, Spot Lighting avers that to the extent the allegation is merely a legal conclusion, no response is required; to the extent a further response to paragraph 30 is required, Spot Lighting denies the allegations presented in Paragraph 30.

31. Responding to paragraph 31 of the complaint, Spot Lighting denies the allegations contained in paragraph 31.

Wherefore, Spot Lighting respectfully requests that the Court dismiss the complaint with prejudice and award Spot Lighting its costs and attorneys' fees, along with such other and further relief as is just and equitable.

# COUNT II

### (Integrity of Copyright Management Information, 17 U.S.C. § 1202)

32. Responding to paragraph 32 of the complaint, Spot Lighting re-alleges and incorporates each and every allegation, averment and denial contained in paragraphs 1 through 31 of this answer to the complaint with the same force and effect as if set forth in full herein.

33. Responding to paragraph 33 of the complaint, Spot Lighting denies the allegations contained in paragraph 33.

34.     Responding to paragraph 34 of the complaint, Spot Lighting denies the allegations contained in paragraph 34.

35.     Responding to paragraph 35 of the complaint, Spot Lighting avers that to the extent the allegation is merely a legal conclusion, no response is required; to the extent a further response to paragraph 35 is required, Spot Lighting denies the allegations presented in Paragraph 35.

36.     Responding to paragraph 36 of the complaint, Spot Lighting avers that to the extent the allegation is merely a legal conclusion, no response is required; to the extent a further response to paragraph 36 is required, Spot Lighting denies the allegations presented in Paragraph 36.

37.     Responding to paragraph 37 of the complaint, Spot Lighting denies the allegations contained in paragraph 37.

Wherefore, Spot Lighting respectfully requests that the Court dismiss the complaint with prejudice and award Spot Lighting its costs and attorneys' fees, along with such other and further relief as is just and equitable.

## COUNT III

## (False Designation of Origin, 15 U.S.C. § 1125(a))

38.     Responding to paragraph 38 of the complaint, Spot Lighting re-alleges and incorporates each and every allegation, averment and denial contained in paragraphs 1 through 37 of this answer to the complaint with the same force and effect as if set forth in full herein.

39.     Responding to paragraph 39 of the complaint, Spot Lighting lacks sufficient information to form a belief as to the truth to the allegations therein contained and on that basis denies those allegations in paragraph 39 of the complaint.

40.     Responding to paragraph 40 of the complaint, Spot Lighting denies the allegations contained in paragraph 40.

41.     Responding to paragraph 41 of the complaint, Spot Lighting denies the allegations contained in paragraph 41.

42. Responding to paragraph 42 of the complaint, Spot Lighting lacks sufficient information to form a belief as to the truth to the allegations therein contained and on that basis denies those allegations in paragraph 42 of the complaint.

43. Responding to paragraph 43 of the complaint, Spot Lighting denies the allegations contained in paragraph 43.

44. Responding to paragraph 44 of the complaint, Spot Lighting avers that to the extent the allegation is merely a legal conclusion, no response is required; to the extent a further response to paragraph 44 is required, Spot Lighting denies the allegations presented in Paragraph 44.

45. Responding to paragraph 45 of the complaint, Spot Lighting avers that to the extent the allegation is merely a legal conclusion, no response is required; to the extent a further response to paragraph 45 is required, Spot Lighting denies the allegations presented in Paragraph 45.

46. Responding to paragraph 46 of the complaint, Spot Lighting avers that to the extent the allegation is merely a legal conclusion, no response is required; to the extent a further response to paragraph 46 is required, Spot Lighting denies the allegations presented in Paragraph 46.

47. Responding to paragraph 47 of the complaint, Spot Lighting denies the allegations contained in paragraph 47.

Wherefore, Spot Lighting respectfully requests that the Court dismiss the complaint with prejudice and award Spot Lighting its costs and attorneys' fees, along with such other and further relief as is just and equitable.

48. Spot Lighting denies the allegations presented in the "WHEREFORE" paragraph of the complaint, including subsections A through S thereof. Spot Lighting further denies that PIC is entitled to any of the relief sought in the "WHEREFORE" paragraph of its complaint, including but not limited to the mandatory result for failing to establish the requisite elements of and failing to comply with the statutes upon which PIC relies.

49. Any allegation not expressly admitted herein is denied.

## AFFIRMATIVE DEFENSES

Spot Lighting asserts the following affirmative defenses in response to PIC's complaint:

### First Affirmative Defense

PIC's complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

PIC's claims are barred in whole or in part by the doctrines of acquiescence, Estoppel, including equitable estoppel, waiver and/or laches as PIC has slept on its rights.

### Third Affirmative Defense

PIC's claims are barred in whole or in part by the doctrine of unclean hands, including the possibility of a misrepresentation to or a fraud upon the Copyright Office.

### Fourth Affirmative Defense

PIC's claims are barred in whole or in part because PIC's copyrights, and any registrations therefor, are invalid.

### Fifth Affirmative Defense

PIC's claims are barred in whole or in part based on the doctrine of fair use.

### Sixth Affirmative Defense

PIC lacks standing to bring the claims asserted in the complaint.

### Seventh Affirmative Defense

PIC's claims against Spot Lighting are limited or barred based on the fact Spot Lighting was misled by the omission of notice.

### Eighth Affirmative Defense

PIC's claims are barred in whole or in part as a result of express or implied licenses.

### Ninth Affirmative Defense

PIC's claims are barred in whole or in part by the applicable statutes of limitations.

### Tenth Affirmative Defense

PIC's claims against Spot Lighting are limited or barred to the extent PIC failed to join necessary and indispensable parties to this action.

### Eleventh Affirmative Defense

PIC's claims are barred in whole or in part as a result of release and/or waiver.

### Twelfth Affirmative Defense

PIC's claims for injunctive relief should be dismissed on grounds of mootness.

### Thirteenth Affirmative Defense

Spot Lighting was justified and legally excused in and about the matters alleged in the complaint, thus barring PIC from any recovery or entitlement to equitable remedies.

### Fourteenth Affirmative Defense

PIC's claims against Spot Lighting are or may be barred, in whole or in part, to the extent that the claims against Spot Lighting do not involve an actual controversy upon which declaratory relief may be rendered or is otherwise non-judiciable and/or to the extent the complaint seeks an advisory opinion.

### Fifteenth Affirmative Defense

Should a violation of 17 U.S.C. § 1202 be found, which allegation is expressly denied, Spot Lighting states that it was not aware and had no reason to believe that its acts constituted a violation.

### Sixteenth Affirmative Defense

PIC's claims fail because Spot Lighting has conducted itself at all times in good faith, with a reasonable belief that its actions did not constitute a violation or infringement of any other person or entity's rights.

### Seventeenth Affirmative Defense

There is no likelihood of consumer confusion.

### Eighteenth Affirmative Defense

PIC's claims are barred in whole or in party as a result of copyright misuse.

### Nineteenth Affirmative Defense

PIC's claims, including claims for statutory damages and attorneys' fees against Spot Lighting are limited or barred based on PIC's noncompliance with statutory provisions and to the extent PIC failed to register its copyrights prior to filing this litigation as required by 17 U.S.C.

Sections 411 and 412.

## Twentieth Affirmative Defense

PIC's claims against Spot Lighting are limited or barred based on a statutory presumption of abandonment.

## Twenty-First Affirmative Defense

PIC's claims are barred in whole or in part due to PIC's failure to mitigate damages.

## Twenty-Second Affirmative Defense

Spot Lighting hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and therefore reserves the right to amend or supplement its Answer, file further pleadings, and assert additional claims and defenses as supported by the evidence.

## DEMAND FOR JURY TRIAL

Spot Lighting Supplies, Inc. respectfully requests a trial by jury on all counts which are so triable.

DATED: June 18, 2014               **PHILLIPS, SPALLAS & ANGSTADT LLP**

By:    s/ Jessica Stuart Pliner
       Todd A. Angstadt, Esq.
       Jessica Stuart Pliner, Esq.
       Attorneys for Defendant
       SPOT LIGHTING SUPPLIES, INC.