John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jennifer S. Coleman, Bar No. 213210
jcoleman@hopkinscarley.com
Aleksandr Korzh, Bar No. 286613
akorzh@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiff
PHOTOGRAPHIC ILLUSTRATORS
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SPOT LIGHTING SUPPLIES, INC. dba Lighting-spot.com,<br><br>Defendant. | CASE NO.  5:14-CV-2010-VC<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

under the applicable legal principles. The parties further acknowledge, as set forth in Section

12.3, below, that this Stipulated Protective Order does not entitle them to file confidential

information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

the standards that will be applied when a party seeks permission from the court to file material

under seal.

2.      <u>DEFINITIONS</u>

    2.1.    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

information or items under this Order.

    2.2.    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

of Civil Procedure 26(c).

    2.3.    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as

well as their support staff).

    2.4.    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

    2.5.    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.6.    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or

responses to discovery in this matter.

    2.7.    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to

the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

or of a Party's competitor.

/ / /

1    2.8.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

2    Items: extremely sensitive "Confidential Information or Items," disclosure of which to another

3    Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

4    less restrictive means.

5    2.9.    House Counsel: attorneys who are employees of a party to this action. House

6    Counsel does not include Outside Counsel of Record or any other outside counsel.

7    2.10.    Non-Party: any natural person, partnership, corporation, association, or other legal

8    entity not named as a Party to this action.

9    2.11.    Outside Counsel of Record: attorneys who are not employees of a party to this

10    action but are retained to represent or advise a party to this action and have appeared in this action

11    on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

12    2.12.    Party: any party to this action, including all of its officers, directors, employees,

13    consultants, retained experts, and Outside Counsel of Record (and their support staffs).

14    2.13.    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

15    Material in this action.

16    2.14.    Professional Vendors: persons or entities that provide litigation support services

17    (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

18    organizing, storing, or retrieving data in any form or medium) and their employees and

19    subcontractors.

20    2.15.    Protected Material: any Disclosure or Discovery Material that is designated as

21    "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

22    2.16.    Receiving Party: a Party that receives Disclosure or Discovery Material from a

23    Producing Party.

24    3.    SCOPE

25    The protections conferred by this Stipulation and Order cover not only Protected Material

26    (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

27    all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

28    conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

1  However, the protections conferred by this Stipulation and Order do not cover the following

2  information: (a) any information that is in the public domain at the time of disclosure to a

3  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

4  a result of publication not involving a violation of this Order, including becoming part of the

5  public record through trial or otherwise; and (b) any information known to the Receiving Party

6  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

7  obtained the information lawfully and under no obligation of confidentiality to the Designating

8  Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

9  4.    <u>DURATION</u>

10      Even after final disposition of this litigation, the confidentiality obligations imposed by

11  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

12  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

13  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

14  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

15  including the time limits for filing any motions or applications for extension of time pursuant to

16  applicable law.

17  5.    <u>DESIGNATING PROTECTED MATERIAL</u>

18      5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party

19  or Non-Party that designates information or items for protection under this Order must take care

20  to limit any such designation to specific material that qualifies under the appropriate standards.

21  To the extent it is practical to do so, the Designating Party must designate for protection only

22  those parts of material, documents, items, or oral or written communications that qualify – so that

23  other portions of the material, documents, items, or communications for which protection is not

24  warranted are not swept unjustifiably within the ambit of this Order.

25      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

26  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

27  unnecessarily encumber or retard the case development process or to impose unnecessary

28  expenses and burdens on other parties) expose the Designating Party to sanctions.

1    If it comes to a Designating Party's attention that information or items that it designated

2  for protection do not qualify for protection at all or do not qualify for the level of protection

3  initially asserted, that Designating Party must promptly notify all other parties that it is

4  withdrawing the mistaken designation.

5    5.2.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

6  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

7  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

8  designated before the material is disclosed or produced.

9    Designation in conformity with this Order requires:

10    (a)  <u>for information in documentary form</u> (e.g., paper or electronic documents, but

11  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

12  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

13  EYES ONLY" to each page that contains protected material. If only a portion or portions of the

14  material on a page qualifies for protection, the Producing Party also must clearly identify the

15  protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

16  each portion, the level of protection being asserted.

17    A Party or Non-Party that makes original documents or materials available for inspection

18  need not designate them for protection until after the inspecting Party has indicated which

19  material it would like copied and produced. During the inspection and before the designation, all

20  of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

21  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

22  copied and produced, the Producing Party must determine which documents, or portions thereof,

23  qualify for protection under this Order. Then, before producing the specified documents, the

24  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

25  CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected

26  Material. If only a portion or portions of the material on a page qualifies for protection, the

27  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

28  markings in the margins) and must specify, for each portion, the level of protection being

1    asserted. The Parties shall have 21 days from the date of production of information in

2    documentary form to designate materials produced by a Non-Party pursuant to subpoena.

3            (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

4    Designating Party identify on the record, before the close of the deposition, hearing, or other

5    proceeding, all protected testimony and specify the level of protection being asserted. When it is

6    impractical to identify separately each portion of testimony that is entitled to protection and it

7    appears that substantial portions of the testimony may qualify for protection, the Designating

8    Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

9    a right to have up to 21 days to identify the specific portions of the testimony as to which

10   protection is sought and to specify the level of protection being asserted. Only those portions of

11   the testimony that are appropriately designated for protection within the 21 days shall be covered

12   by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

13   specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

14   entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

15   ATTORNEYS' EYES ONLY."

16           Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

17   other proceeding to include Protected Material so that the other parties can ensure that only

18   authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

19   (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

20   shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

21   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

22           Transcripts containing Protected Material shall have an obvious legend on the title page

23   that the transcript contains Protected Material, and the title page shall be followed by a list of all

24   pages (including line numbers as appropriate) that have been designated as Protected Material and

25   the level of protection being asserted by the Designating Party. The Designating Party shall

26   inform the court reporter of these requirements. Any transcript that is prepared before the

27   expiration of a 21-day period for designation shall be treated during that period as if it had been

28   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

1    otherwise agreed. After the expiration of that period, the transcript shall be treated only as

2    actually designated.

3         (c) for information produced in some form other than documentary and for any other

4    tangible items, that the Producing Party affix in a prominent place on the exterior of the container

5    or containers in which the information or item is stored the legend "CONFIDENTIAL" or

6    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of

7    the information or item warrant protection, the Producing Party, to the extent practicable, shall

8    identify the protected portion(s) and specify the level of protection being asserted.

9         5.3.   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

10   designate qualified information or items does not, standing alone, waive the Designating Party's

11   right to secure protection under this Order for such material. Upon timely correction of a

12   designation, the Receiving Party must make reasonable efforts to assure that the material is

13   treated in accordance with the provisions of this Order.

14   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

15        6.1.   Timing of Challenges. Any Party or Non-Party may challenge a designation of

16   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

17   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

18   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

19   challenge a confidentiality designation by electing not to mount a challenge promptly after the

20   original designation is disclosed.

21        6.2.   Meet and Confer. The Challenging Party shall initiate the dispute resolution

22   process by providing written notice of each designation it is challenging and describing the basis

23   for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

24   notice must recite that the challenge to confidentiality is being made in accordance with this

25   specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

26   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

27   forms of communication are not sufficient) within 14 days of the date of service of notice. In

28   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered,

to explain the basis for the chosen designation. A Challenging Party may proceed to the next

stage of the challenge process only if it has engaged in this meet and confer process first or

establishes that the Designating Party is unwilling to participate in the meet and confer process in

a timely manner.

      6.3.    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

intervention, the Designating Party shall file and serve a motion to retain confidentiality under

Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

process will not resolve their dispute, whichever is earlier. Each such motion must be

accompanied by a competent declaration affirming that the movant has complied with the meet

and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

make such a motion including the required declaration within 21 days (or 14 days, if applicable)

shall automatically waive the confidentiality designation for each challenged designation. In

addition, the Challenging Party may file a motion challenging a confidentiality designation at any

time if there is good cause for doing so, including a challenge to the designation of a deposition

transcript or any portions thereof. Any motion brought pursuant to this provision must be

accompanied by a competent declaration affirming that the movant has complied with the meet

and confer requirements imposed by the preceding paragraph.

      The burden of persuasion in any such challenge proceeding shall be on the Designating

Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

unnecessary expenses and burdens on other parties) may expose the Challenging Party to

sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

file a motion to retain confidentiality as described above, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's

designation until the court rules on the challenge.

/ / /

1    7.        ACCESS TO AND USE OF PROTECTED MATERIAL

2          7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

3 produced by another Party or by a Non-Party in connection with this case only for prosecuting,

4 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

5 the categories of persons and under the conditions described in this Order. When the litigation has

6 been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

7 DISPOSITION).

8          Protected Material must be stored and maintained by a Receiving Party at a location and

9 in a secure manner that ensures that access is limited to the persons authorized under this Order.

10        7.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

11 by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

12 information or item designated "CONFIDENTIAL" only to:

13        (a) the Receiving Party's Outside Counsel of Record in this action, as well as

14 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

15 information for this litigation and who have signed the "Acknowledgment and Agreement to Be

16 Bound" that is attached hereto as Exhibit A;

17        (b) the officers, directors, and employees (including House Counsel) of the Receiving

18 Party to whom disclosure is reasonably necessary for this litigation and who have signed the

19 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20        (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

21 reasonably necessary for this litigation and who have signed the "Acknowledgment and

22 Agreement to Be Bound" (Exhibit A);

23        (d) the court and its personnel;

24        (e) court reporters and their staff, professional jury or trial consultants, and

25 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

26 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27        (f) during their depositions, witnesses in the action to whom disclosure is reasonably

28 necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

1  unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

2  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

3  bound by the court reporter and may not be disclosed to anyone except as permitted under this

4  Stipulated Protective Order.

5      (g) the author or recipient of a document containing the information or a custodian or

6  other person who otherwise possessed or knew the information.

7      7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

8  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

9  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

11      (a) the Receiving Party's Outside Counsel of Record in this action, as well as

12  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

13  information for this litigation;

14      (b) Optional as deemed appropriate in case-specific circumstances: Designated House

15  Counsel of the Receiving Party3 (1) who has no involvement in competitive decision-making, (2)

16  to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18      (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for

19  this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound"

20  (Exhibit A);

21      (d) the court and its personnel;

22      (e) court reporters and their staff, professional jury or trial consultants, and

23  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

24  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

25      (f) the author or recipient of a document containing the information or a custodian or

26  other person who otherwise possessed or knew the information.

27  / / /

28  / / /

7.4.    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel  or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances

1   with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or

2   the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

3   suggest any additional means that could be used to reduce that risk. In addition, any such motion

4   must be accompanied by a competent declaration describing the parties' efforts to resolve the

5   matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

6   setting forth the reasons advanced by the Designating Party for its refusal to approve the

7   disclosure.

8          In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

9   Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

10  (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

11  Material to its Designated House Counsel or Expert.

12  8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>
        <u>LITIGATION</u>
13

14         If a Party is served with a subpoena or a court order issued in other litigation that compels

15  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

17         (a)  promptly notify in writing the Designating Party. Such notification shall include a

18  copy of the subpoena or court order;

19         (b)  promptly notify in writing the party who caused the subpoena or order to issue in

20  the other litigation that some or all of the material covered by the subpoena or order is subject to

21  this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

22  and

23         (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

24  Designating Party whose Protected Material may be affected.

25         If the Designating Party timely seeks a protective order, the Party served with the

26  subpoena or court order shall not produce any information designated in this action as

27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

28  determination by the court from which the subpoena or order issued, unless the Party has obtained

the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

        When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.     MISCELLANEOUS

        12.1.    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

        12.2.    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

/ / /

12.3.   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated:  September 30, 2014                Dated:  September 30, 2014

4

5    By:   /s/ John V. Picone III             By:   /s/ Jessica Stuart Pliner
         John V. Picone III (CA Bar No. 187226)       PHILLIPS, SPALLAS & ANGSTADT
6        Jennifer S. Coleman (CA Bar No. 213210)      LLP
         Aleksandr Korzh (CA Bar No. 286613)          Todd A. Angstadt – (SBN 166404)
7        **HOPKINS & CARLEY**                         Jessica Stuart Pliner – (SBN 261976)
         A Law Corporation                            505 Sansome Street, Sixth Floor
8        The Letitia Building                         San Francisco, California   94111
         70 S. First Street                           Telephone:  (415) 278-9400
9        San Jose, CA 95113                           Facsimile:  (415) 278-9411
         mailing address:                             tangstadt@psalaw.net
10       P.O. Box 1469                                jpliner@psalaw.net
         San Jose, CA 95109-1469
11       Tel:       (408) 286-9800                    ***Attorneys for Defendant, Spot Lighting***
         Fax:       (408) 998-4790                    ***Supplies, LLC, dba Lighting-spot.com***
12       Email:     jpicone@hopkinscarley.com
                    jcoleman@hopkinscarley.com
13                  akorzh@hopkinscarley.com

14   ***Attorneys for Plaintiff, Photographic***
     ***Illustrators Corporation***

15

16

17   **PURSUANT TO STIPULATION, IT IS SO ORDERED**

18

19   DATED: October 2, 2014

20                                                    [Name of Judge]
                                                      United States District Judge
21

22                                                    IT IS SO ORDERED

23                                                    Judge Vince Chhabria

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of _____ [insert formal name of

the case and the number and initials assigned to it by the court]. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]
Signature: _____
                    [signature]

733\1146084.3

[PROPOSED] STIPULATED PROTECTIVE ORDER  -  5:14-CV-2010-VC

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE